**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **VONNETTA SPRAGGINS,** | * | |
| **Plaintiff,** | * | |
| | * | **Civ. No. MJM-22-1546** |
| **v.** | * | |
| **VERIZON SERVICES CORPORATION,** | * | |
| **Defendant.** | * | |

* * * * * * * * * *

**MEMORANDUM AND ORDER**

On October 28, 2025, this Court entered a Memorandum and Order granting defendant Verizon Services Corporation's ("Verizon") Motion for Summary Judgment (ECF No. 84), entering summary judgment in favor of Verizon, granting self-represented plaintiff Vonetta Spraggins' ("Plaintiff") Motion for Enlargement and Extension of Time to File Sealed and Unsealed Exhibits (ECF No. 95) and Motion to Seal Exhibits (ECF No. 97) (the former granted *nunc pro tunc*), and denying Plaintiff's Motion to Supplement Exhibits (ECF No. 96). *See* ECF Nos. 104 & 105. Now pending before the Court are Plaintiff's Amended Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 120), Motion to File Exhibits for Motion to Alter or Amend Under Seal (ECF No. 111), Motion for Extension of Time (ECF No. 115), Motion for Leave to Exceed Page Limitation for Amended Memorandum in Support of Motion to Alter or Amend Judgment (ECF No. 122), and Motion to Supplement (ECF No. 123). Also pending is Verizon's Bill of Costs request (ECF No. 107) and Motion for Enlargement of Time to File Opposition to Amended Motion to Alter and Motion to Exceed (ECF

No. 125). No hearing is necessary to resolve the motions. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the Court shall grant *nunc pro tunc* Plaintiff's Motion for Extension of Time and Verizon's Motion for Enlargement of Time,[1] grant Plaintiff's Motion to Supplement and Motion for Leave to Exceed the Page Limitation, and deny Plaintiff's remaining motions.

## I. PLAINTIFF'S MOTIONS

Four of Plaintiff's five pending motions are contested: her amended motion to alter or amend the Court's judgment, ECF No. 120; her motion to file under seal exhibits to the motion to amend or alter judgment, ECF No. 111; her motion for an extension of time to file her opposition to Verizon's bill of costs, ECF No. 115; and her motion for leave to exceed the 30-page limit imposed by this District's Local Rules on her memorandum in support of her amended motion to alter or amend judgment, ECF No. 122. Plaintiff's motion to supplement her amended motion to alter or amend the judgment, ECF No. 123, is unopposed and shall be granted. *See Pa. Nat'l Mut. Cas. Ins. Co. v. Generali-U.S. Branch*, Civ. No. JKB-23-02746, 2025 WL 906280, at *1 (D. Md. Mar. 25, 2025) (citing *O'Briant v. Renner*, Civ. No. GLR-18-1324, 2019 WL 9078709, at *3 (D. Md. Mar. 28, 2019)) ("[T]he Court has discretion to grant motions as unopposed when the

[1] Verizon's motion for enlargement of time, ECF No. 125, asks the Court to accept the late filings of its opposition to Plaintiff's Amended Motion to Alter or Amend Judgment and her Motion for Leave to Exceed Page Limitation, which were filed three and four business days late, respectively, *id.* ¶ 4. Verizon explains that it was unable to meet the filing deadlines at the end of December 2025 "[d]ue to a scheduling mistake alongside illness of counsel[.]" *Id.* ¶ 3. Because Plaintiff did not file a response, the Court could grant the motion on that basis alone. *See Pa. Nat'l Mut. Cas. Ins. Co. v. Generali-U.S. Branch*, Civ. No. JKB-23-02746, 2025 WL 906280, at *1. Nevertheless, because Verizon's delay was no more than four days, caused by mistake and illness, and did not substantially prejudice Plaintiff, the Court finds good cause to grant *nunc pro tunc* the requested enlargement of time to file the delayed opposition briefs.

opposing party fails to respond"). Additionally, the Court finds it reasonable to grant Plaintiff's Motion for Leave to Exceed the Page Limitation. *See* Local Rule 105.3 (D. Md. 2025).

**A. Amended Motion to Alter or Amend Judgment**

Plaintiff originally filed a Motion to Amend or Alter Judgment pursuant to Rule 59(e) on November 24, 2025. *See* ECF No. 110. After Verizon opposed this motion, *see* ECF No. 117, Plaintiff filed an Amended Motion to Alter or Amend Judgment on December 15, 2025, ECF No. 120. Verizon argues that Plaintiff's amended motion is procedurally improper. ECF No. 126 at 1–4. For the foregoing reasons, the Court agrees.

The decision to permit amendment of a motion rests within the sound discretion of the Court. *See Robinson v. Worthington*, 544 F. Supp. 956, 963 (M.D. Ala. 1982). "However, 'the court's discretion to permit amendment to a motion is exercised only after a motion for leave to file such an amendment has been filed.'" *Berber v. Wells Fargo Bank, N.A.*, No. 16-24918-CIV, 2017 WL 11501752, at *1 (S.D. Fla. May 25, 2017) (quoting *Factory Direct Tires, Inc. v. Cooper Tire & Rubber Co.*, No. 3:11CV255/RV/EMT, 2012 WL 2873232, at *1 n.2 (N.D. Fla. June 13, 2012), *report and recommendation adopted*, No. 3:11CV255/RV/EMT, 2012 WL 2873153 (N.D. Fla. July 12, 2012)). Here, Plaintiff failed to file a motion for leave to amend her original Rule 59(e) motion, and thus the Court could disregard her amended motion on that basis alone.[2]

Even if Plaintiff did file a motion for leave to amend, the Court would still not have ruled in Plaintiff's favor. First, "it is particularly inappropriate [to permit amendment to a motion] after

[2] In her reply brief, Plaintiff argues that she may amend her motion to alter or amend judgment as a matter of course pursuant to Federal Rule of Civil Procedure 15(a). ECF No. 128 at 1–2. But Rule 15(a) only applies to amendment of pleadings, and a motion is not a pleading. *See German Am. Cap. Corp. v. Morehouse*, Civ. No. GJH-13-296, 2017 WL 3411941, at *2 (D. Md. Aug. 4, 2017), *aff'd*, 714 F. App'x 286 (4th Cir. 2018) (second alteration in *German Am. Cap. Corp.*) (quoting 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1475 (3d ed. 2004)) ("[U]nder a literal application of Rule 15(a) . . . motions are not 'pleadings' and the amendment of a motion will not be permitted under [Rule 15(a)].").

briefs have been interposed by the opposing parties," *Montoya v. Saul*, Civ. No. 19-271 JAP/LF, 2020 WL 1170634, at *1 (D.N.M. Mar. 11, 2020) (quoting 5 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1194 (3d ed. 2018)), and Verizon had already responded in opposition to Plaintiff's original motion a week before Plaintiff filed her amended motion, *see* ECF No. 117. Second, the factors the Court must consider in deciding whether to permit amendment—"(1) whether the adverse party will be prejudiced by the amendment[,]" "(2) whether the amendment is necessary to [e]nsure that the case is adjudicated fairly and justly[,]" and "(3) whether the amendment will help resolve the litigation at an early date[,]" *Berber*, 2017 WL 11501752, at *1 (quoting *Factory Direct Tires, Inc.*, 2012 WL 2873232, at *1), do not favor permitting amendment of Plaintiff's motion to amend or alter the Court's judgment. Although Verizon would not have been prejudiced by the amendment, as it had ample time to respond, the amendment was not necessary to ensure that the case was adjudicated fairly and justly, as it was largely duplicative of Plaintiff's original filing. Further, because Plaintiff filed an amended motion instead of filing a reply, the amendment needlessly prolonged the litigation. *See Gamble v. Barnette*, No. 5:06CV104, 2008 WL 113911, at *2 (W.D.N.C. Jan. 7, 2008) ("While parties may file whatever motions they believe are appropriate, such an amended motion is not appropriate where it is filed in lieu of a reply to a response. The filing of a new motion restarts the process of responses and replies, which was not necessary in this case."). Thus, if Plaintiff had moved for leave to amend, her motion would have been denied.

Because Plaintiff's amended motion was filed more than 28 days after the Court's judgment, *see* ECF Nos. 104, 105, 120, it would be properly analyzed under Federal Rule of Civil Procedure 60(b)—not Rule 59(e). *Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 981 F. Supp. 2d 415, 419 (D. Md. 2013) (citations omitted); *see also* Fed. R. Civ. P. 59(e) ("A motion to

alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). "This Court has discretion to grant or deny a motion filed pursuant to Rule 60(b)." *Davis v. Warden*, Civ. No. GLR-18-2214, 2019 WL 9098121, at *3 (D. Md. Apr. 2, 2019) (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993)). "Rule 60(b) permits the Court to amend a final judgment, order, or proceeding because of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, or discharge of a judgment; or (6) any other reason justifying relief." *Classen Immunotherapies, Inc.*, 981 F. Supp. 2d at 419 (citing Fed. R. Civ. P. 60(b)). "A Rule 60(b) motion is appropriate to raise a significant change in the law or facts, or when 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A Rule 60(b) motion is inappropriate, however, "where it merely seeks to re-debate the merits of a particular motion . . . or merely requests that the district court change its mind." *Id.* (first quoting *Remediation Prods., Inc. v. Adventus Americas, Inc.*, No. 3:07CV153-RJC-DCK, 2010 WL 2572555, at *1 (W.D.N.C. June 22, 2010), and then citing *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)). Plaintiff's motion fails under Rule 60(b), as it largely attempts to relitigate Verizon's motion for summary judgment and does not identify any significant change in the law or facts and does not show that the Court misunderstood the parties or made an error of apprehension. *Classen Immunotherapies, Inc.*, 981 F. Supp. 2d at 419.

Even if the Court were to analyze Plaintiff's original and amended motions under Rule 59(e), in due consideration of her *pro se* status, they would still fail. As with Rule 60(b), this Court "has considerable discretion in deciding whether to [grant or deny a Rule 59(e) motion]." *Gagliano*

*v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Such a motion "is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)). Although Rule 59(e) does not provide a standard under which a district court may grant a motion to alter or amend a judgment, *see* Fed. R. Civ. P. 59(e), the Fourth Circuit has recognized "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice[,]" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted).

Plaintiff asserts that the Court's prior judgment was based on clear errors of fact and law resulting in manifest injustice. ECF No. 110-1 at 31; ECF No. 120-2 at 40. "To successfully demonstrate that a Court's prior decision was a 'clear error or manifest injustice,' a party must show that the Court was 'dead wrong.'" *Hartnett v. Hardenbergh*, No. 3:23-CV-17-HEH, 2026 WL 510726, at *5 (E.D. Va. Feb. 24, 2026) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)); *see also TFWS*, 572 F.3d at 194 (citation modified) ("[T]o meet the high burden of showing that our [prior] holding . . . was clearly erroneous and would work a manifest injustice[,] [the] prior decision . . . must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish."). In other words, "for a court to reconsider a decision due to manifest injustice, the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it." *In re D.C. Diamond Corp.*, No. 1:19-CV-463, 2020 WL 13605457, at *2 (E.D. Va. Mar. 16, 2020), *aff'd*, 816 F. App'x 873 (4th Cir. 2020) (quoting *South Carolina v. United States*, 232 F. Supp. 3d 785, 799 (D.S.C. 2007)). "A court's decision is free from 'clear error' when it is 'factually supported and legally justified.'" *Nicholson v. Durant*, 162 F.4th 417,

422 (4th Cir. 2025) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir. 1993)). "Mere disagreement does not support a Rule 59(e) motion." *Id.* (quoting *Hutchinson*, 994 F.2d at 1082).

Plaintiff's original and amended motions, analyzed under Rule 59(e), both fail to demonstrate that the Court committed a clear error of law. Although Plaintiff challenges the Court's decision by disputing facts established in the evidentiary record and relied upon by the Court in its analysis, she does not show that the Court's ruling lacked evidentiary support or rested on an erroneous application of the law to those facts. Plaintiff attempts to dispute clearly established facts by (1) making wholly unsupported assertions, *see, e.g.*, ECF No. 110-1 at 15–16, 19; ECF No. 120-2, ¶¶ 77–78, 85–86; (2) relying on allegations in the Amended Complaint that were not part of the summary judgment record, *see, e.g.*, ECF No. 110-1 at 13–14; ECF No. 120-2, ¶¶ 65–66; or (3) merely disagreeing with the Court's interpretation of the evidentiary record, *see, e.g.*, ECF No. 110-1 at 10–11; ECF No. 120-2, ¶¶ 51–54. These attempts fail to demonstrate that the "record presented" was "patently unfair and tainted." *In re D.C. Diamond Corp.*, 2020 WL 13605457, at *2. Plaintiff also plainly attempts to relitigate Verizon's motion for summary judgment, which is inappropriate in a Rule 59(e) motion. *See, e.g.*, ECF No. 110-1 at 17–18, 21–25; ECF No. 120-2, ¶¶ 81–82, 91–92. Accordingly, Plaintiff fails to demonstrate that the Court's prior judgment was "dead wrong," and her original and amended motions for reconsideration must be denied when analyzed under Rule 59(e).

**B. Motion to File Exhibits Under Seal**

Plaintiff argues that all exhibits filed as attachments to her motion to alter or amend judgment—ECF Nos. 112, 112-1, 112-2, 112-3, 112-4, 112-5, 112-6, 112-7, 112-8, and 112-9—should be sealed. *See* ECF No. 111. Plaintiff states that her "desire is to keep confidential

information agreed to pursuant a protective order . . . ." *Id.* Verizon argues that Plaintiff's exhibits should not be sealed.[3] ECF No. 118.

Court filings are presumptively subject to the public's right of access. The public right of access to court documents is derived from two sources: the First Amendment to the United States Constitution and the common law. The right of access provided by the First Amendment applies to, *inter alia*, documents "made part of a dispositive motion[.]" *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). Public access to such documents "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). As part of this analysis, the court must "consider alternatives to sealing the documents" at issue. *In re Knight Publ'g Co.* 743 F.2d 231, 235 (4th Cir. 1984). Among the public's interests in access to court records is the public's ability "to monitor the functions of the courts" and "to understand the judicial process itself and the bases or explanations for a court's decision." *Hisp. Nat'l L. Enf't Ass'n NCR v. Prince George's Cnty.*, Civ. No. TDC-18-3821, 2021 WL 488641, at *4 (D. Md. Feb. 10, 2021) (quoting *Doe*, 749 F.3d at 271, and *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016), respectively) (cleaned up). Local Rule 105.11 (D. Md. 2025) governs the process for sealing documents filed in this Court. The rule states in relevant part: "Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the

[3] In opposing Plaintiff's motion to seal, Verizon also argues that Plaintiff's "filing of [her] exhibits is inappropriate and not permitted under Rule 59(e)[]" because she failed to establish that any of the evidence contained in the exhibits was previously unknown to her before the Court entered its Order on October 28, 2025. ECF No. 118 at 1. While it is true that a "Rule 59(e) motion may not be used to . . . present evidence that could have been raised prior to the entry of judgment[,]" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2810.1 (2d ed. 1995)), this argument has no bearing on whether the exhibits are properly sealed.

Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

Here, Plaintiff's motion to seal provides no fact-based justification for sealing the exhibits and fails to demonstrate any legitimate confidentiality interest sufficient to overcome the public's right of access to materials submitted in support of a dispositive motion. The motion likewise fails to explain why redaction or alternatives to sealing would not provide sufficient protection. Because Plaintiff's motion does not comply with Local Rule 105.11, it must be denied. Plaintiff will be granted an opportunity to withdraw the exhibits she has requested to seal.

**C. Motion for Extension of Time**

Plaintiff moves for an extension of time to file a response in opposition to Verizon's bill of costs. ECF No. 115. Verizon opposes this motion. ECF No. 121.

Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that a court "may, for good cause, extend the time" in which "an act may or must be done" "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Findings of good cause and excusable neglect are "within the Court's discretion." *Lewis v. Prince George's Cnty. Bd. of Educ.*, Civ. No. JKB-21-2720, 2023 WL 4551866, at *5 (D. Md. July 13, 2023). Diligence is the "touchstone" of the good cause requirement. *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020). Courts are "permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Lewis*, 2023 WL 4551866, at *5 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). "To ascertain whether a delay in filing is excusable, courts must consider 'all relevant circumstances surrounding the party's omission.'"

*Dwonzyk v. Balt. Cnty.*, 328 F. Supp. 2d 572, 577 (D. Md. 2004) (quoting *Pioneer*, 507 U.S. at 395). "The factors to be considered in determining whether there is good cause or 'excusable neglect'[] include the 'danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith.'" *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010) (citing *Pioneer*, 507 U.S. at 395) (footnote omitted).

Plaintiff's motion for an extension of time, ECF No. 115, asks the Court to accept the late filing of her opposition to Verizon's Bill of Costs, which was filed on December 1, 2025—one business day late. Plaintiff explains that she was unable to meet the November 26, 2025, filing deadline because her counsel at the time "did not notify her about the Bill of Costs." ECF No. 115 at 1. Verizon filed its Bill of Costs on November 12, 2025, *see* ECF No. 107, and Plaintiff's counsel's motion to withdraw was granted on November 24, *see* ECF No. 113. The same day that Plaintiff's counsel's appearance was withdrawn, Plaintiff filed her original motion to alter or amend the Court's judgment within the 28-day post-judgment window required by Rule 59(e), demonstrating her awareness of the docket. *See* ECF No. 110; Fed. R. Civ. P. 59(e). Accordingly, the Court finds Plaintiff's explanation for her late filing unsatisfactory and, in any event, "[i]t is the client's responsibility to keep abreast of litigation in which [s]he is involved." *United States v. Arnold*, No. 5:99CV161OC21GRJ, 2001 WL 34106906, at *9 (M.D. Fla. Aug. 15, 2001). Nevertheless, because Plaintiff's response in opposition was only delayed by one business day, and that delay did not impose any substantial prejudice upon Verizon, the Court finds good cause to grant *nunc pro tunc* the requested extension of time to file the slightly delayed opposition brief.

## II. VERIZON'S BILL OF COSTS

As noted, Verizon has submitted a bill of costs, to which Plaintiff has objected. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 109.1, and 28 U.S.C. § 1920, Verizon requests that the Clerk of the Court assess certain litigation costs against Plaintiff. ECF No. 107. Specifically, it requests $6,209.18 in deposition transcript costs, $138.30 in document copying costs, and $2,266.81 in medical record subpoena costs, for a total of $8,614.29 to be taxed against Plaintiff. *See id.*; ECF No. 107-1 (Oberlander Aff.).

Federal Rule of Civil Procedure 54(d) states, in pertinent part, that costs other than attorney's fees generally "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "In order to define which costs may be taxed against a losing party, courts generally refer to 28 U.S.C. § 1920 . . . , which provides[]" that

> [a] judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

*AM Props. v. Town of Chapel Hill*, 202 F. Supp. 2d 451, 453 (M.D.N.C. 2002) (quoting 28 U.S.C. § 1920). Though the Supreme Court in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437

(1987), "held that federal courts are limited to assessing only those costs enumerated under § 1920[,] . . . it is generally accepted that courts are free to interpret the meaning of the costs stated within § 1920." *Id.* (citing cases). "Consistent with the discretion to interpret the taxable items enumerated in § 1920, a district court has the power to further delineate by local rules those expenditures that may be taxed as costs as long as the district court's interpretation is consistent with the applicable federal statutes and rules." *Id.* To that end, Local Rule 109.1 provides that a party before this Court may request "costs other than the fee for filing the action" so long as "the bill of costs [is] supported by affidavit and accompanied by a memorandum setting forth the grounds and authorities supporting the request." *See* Loc. R. 109.1(b) (D. Md. 2025).

The Fourth Circuit has interpreted Rule 54(d)(1) as "creat[ing] a presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (citations omitted); *see also Newsome v. Penske Truck Leasing Corp.*, Civ. No. CBD 04-1024, 2006 WL 8457037, at *2 (D. Md. Aug. 30, 2006) (citation omitted) ("Costs should be entered where authorized by statute and reasonably necessary to the case."). "Accordingly, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (citing *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994)). "Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award." *Cherry*, 186 F.3d at 446. "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis*, 434 F. App'x at 235. "Moreover, although the unsuccessful party's 'good faith in pursuing an action is a

virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party.'" *Id.* (quoting *Cherry*, 186 F.3d at 446). Ultimately, the decision to grant or deny an award of costs is within the discretion of the district court, but "it must 'articulat[e] some good reason'" for denying an award. *Id.* (quoting *Cherry*, 186 F.3d at 446).

Here, Verizon is the prevailing party. Its requests for deposition transcript and copying costs fall within the categories of costs identified in 28 U.S.C. § 1920(2) and (4), respectively, to the extent those costs were reasonably necessary. And although Verizon's request for medical-record subpoena costs is not expressly addressed in § 1920, other judges of this Court have recognized that private process-server fees are taxable costs. *See Newsome*, 2006 WL 8457037, at *2; *Levy v. Saint Gobain Ceramiques Avancees Desmarquest*, Civ. No. PWG-04-492, 2006 WL 8456786, at *2 (D. Md. Oct. 16, 2006) (citing *Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 590 (D. Md. 2004)). This Court has also recognized that costs associated with producing subpoenaed medical records may be taxed under § 1920(4). *Newsome*, 2006 WL 8457037, at *2.

Plaintiff objects to all of Verizon's requests, arguing that (1) Verizon's deposition costs are "excessive, unreasonable, and . . . unnecessary[,]" ECF No. 116 at 2; (2) Verizon's copying costs are "excessive and unreasonable[,]" as it lacks sufficient documentation to support its request for taxation of copying costs, *id.*; and (3) Verizon's medical records subpoena costs "are excessive, unreasonable, and . . . unnecessary[]" because Plaintiff was willing to provide the records to Verizon, *id.* Plaintiff adds that she "has very limited financial means," and thus the Court should not grant any of Verizon's costs.

Because inability to pay is among the circumstances that may justify denying costs to a prevailing party, the Court will defer ruling on Verizon's requests to permit Plaintiff an opportunity

to substantiate her asserted financial hardship. *See Ellis*, 434 F. App'x at 235; *Cherry*, 186 F.3d at 446. Plaintiff may supplement her opposition with an affidavit and any documentation concerning her financial circumstances and any evidence supporting her objections to the necessity, reasonableness, or amounts of the costs listed in Verizon's bill of costs. Plaintiff may request appropriate sealing of any sensitive financial information in accordance with Local Rule 105.11.

## III. ORDER

Accordingly, it is this 12th day of August, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion to Alter or Amend Judgment (ECF No. 110), Amended Motion to Alter or Amend Judgment (ECF No. 120), and Motion to File Exhibits for Motion to Alter or Amend Under Seal (ECF No. 111) are DENIED;
2. Plaintiff's Motion for Extension of Time (ECF No. 115), Plaintiff's Motion for Leave to Exceed Page Limitation for Amended Memorandum in Support of Motion to Alter or Amend Judgment (ECF No. 122), Plaintiff's Motion to Supplement (ECF No. 123), and Verizon's Motion for Enlargement of Time to File Opposition to Amended Motion to Alter and Motion to Exceed (ECF No. 125) are GRANTED *nunc pro tunc*,
3. Plaintiff SHALL FILE any notice requesting withdrawal of any exhibits she requested to seal no later than August 26, 2026;
4. Plaintiff SHALL SUPPLEMENT her objection to Verizon's Bill of Costs (ECF No. 107) within 14 days of the date of this Order, to include any affidavit and/or financial documentation, which she may submit under seal with a proper sealing motion pursuant to Local Rule 105.11; and

5. The Clerk SHALL SEND a copy of this Order to Plaintiff and counsel for Verizon.

_____/S/_________________
Matthew J. Maddox
United States District Judge